SAMUEL E. WEBBE

*v.*

RICHARD CURRAN.

*Opinion filed June 19, 1902—Rehearing denied October 8, 1902.*

MECHANICS' LIENS—*when contract sufficiently fixes time for completing work.* A contract providing that the contractor shall furnish and set the stone in the building "to top of second floor by July 23, to top of third floor by July 29, and balance so as not to delay roof by August 4, 1897," fixes time for furnishing material and completing work at August 4, 1897, and is not rendered uncertain because the provision for payments fixes the times as "July 17, $1675; July 23, $1000; July 29, $2000; August 4, $1000; when cornice is set $2000; balance at completion."

*Curran* v. *Webbe,* 97 Ill. App. 525, reversed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. R. S. TUTHILL, Judge, presiding.

DEFREES, BRACE & RITTER, for appellant.

MCARDLE & MCARDLE, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This is a proceeding under the Mechanic's Lien law of 1895, commenced by an answer in the nature of an intervening petition filed by appellant in a case pending in the circuit court of Cook county. A decree was entered in favor of appellant, which, on appeal, was re-

versed by the Appellate Court for the First District, and a further appeal has been prosecuted to this court.

The contract under which the material was furnished and the work performed is in writing, bears date July 16, 1897, and is between Samuel E. Webbe, party of the first part, and Richard Curran, party of the second part, and so far as the same is material to a decision of this case is as follows:

"Witnesseth, that the said party of the first part, for and in consideration of the payment to be made to him by the said second party, as hereinafter provided, do hereby covenant, contract and agree to furnish and set cut stone in building on Edgerton avenue and Sixtieth street, as follows: To top of second floor by July 23; to top of third floor by July 29, and balance so as not to delay roof by August 4, 1897; and the second party, for and in consideration of the first party completely and faithfully executing the aforesaid work, do hereby agree to pay to said party the sum of $9500, in manner following, viz.: Provided work is finished as before mentioned, July 17, $1675; July 23, $1000; July 29, $2000; August 4, $1000; when cornice is set $2000; balance at completion."

The only question presented for decision is, does said contract fix a time within which the material was to be furnished, the work performed and payment made therefor? We are of the opinion it does. It provides that the contractor shall furnish and set the cut stone in the building to top of second floor by July 23; to top of third floor by July 29, and balance (so as not to delay roof) by August 4, 1897,—i. e., all the material was to be furnished and the work completed by August 4, 1897, and sooner if necessary "so as not to delay roof." The time within which the material was to be furnished and the work performed is definitely fixed by the contract at August 4, 1897. The contract further provides, after specifying when certain specific sums shall be paid, that the "balance" shall be paid "at completion" of the work, which

we have seen is to be on or before August 4, 1897. The time within which payment was to be made, as well as the time within which the material was to be furnished and the work performed, was definitely fixed by the contract, which is all that the statute requires. (*Freeman* v. *Rinaker*, 185 Ill. 172; *Kelley* v. *Northern Trust Co.* 190 id. 401; *King* v. *Lamon*, 193 id. 537.) The time fixed by the contract within which the material was to be furnished, the work performed and payment made was not rendered uncertain by reason of the fact that $1000 was to be paid on August 4 and $2000 "when cornice is set," as the cornice, by the terms of the contract, would be set prior to August 4, when the $2000 payment would be due. Nor does the fact that the contract provides for the payment of the "balance at completion" indicate that the completion of the work must necessarily occur subsequently to August 4. If the work should be completed prior to August 4 the owner would be required to pay to the contractor, upon the date of completion, all that was due upon the contract except $1000, which amount, by virtue of the contract, he would have the right to retain until August 4, at which time it would be due. While the contract is somewhat ambiguous, when considered as a whole we find nothing therein inconsistent with the view that the material was to be furnished, the work performed and payment made therefor by August 4, 1897. As the time within which the material was to be furnished, the work performed and payment made was fixed by the contract, the circuit court properly held the appellant entitled to a mechanic's lien.

The judgment of the Appellate Court will therefore be reversed and the decree of the circuit court affirmed.

*Judgment reversed.*